IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS ORLANDO TATE, <br> a/k/a MARCUS ORLANDO TAITE, <br> a/k/a DR. ELIJAH JOSHUA <br> MUHAMMAD, II, a/k/a DRELIJAH <br> JOSHUA MUHAMMAD, | : : : : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 10-0211-WS-N |
| CHRISTOPHER COLUMBUS, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that plaintiff previously had at least three actions that were dismissed because they were frivolous, malicious, or failed to state a claim a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A review of the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama reflects that the following actions brought by Plaintiff were dismissed on one of the aforementioned grounds, to-wit: Marcus Orlando Taite v. Haley, et al., CA 02-0034-MHT-CSC (M.D. Ala. Apr. 18, 2002); Marcus O. Tate, et al. v. Keahey, et al., CA 02-0734-BH-S (S.D. Ala. Feb. 11, 2003); and Marcus Tate v. Lawson, CA 06-01779-RBP (N.D. Ala. Nov. 17, 2006).[1]

Furthermore, plaintiff filed this action on or about May 4, 2010, without filing a motion to proceed without prepayment of fees or paying the filing fee, knowing that he would be subject to § 1915(g). This deficiency is based on this Court and the Court for the Middle District of Alabama having previously dismissed plaintiff's actions based on §

---

[1] In addition, to these actions, plaintiff, while a prisoner, filed Drelijah Joshua Muhammad, II v. McIntyre, et al., CA 06-0228-BH-C (S.D. Ala. Oct. 17, 2006), which was dismissed for lack of subject matter jurisdiction. The dismissal occurred in this manner because plaintiff paid the filing fee for his § 1983 action and sued non-state actors, thereby placing his action beyond the purview of 28 U.S.C. § 1915 and § 1915A. Nonetheless, his complaint was found to be without legal merit. By all reasoning, this action meets the criteria of Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for a frivolous action - that a frivolous action is one that is based on AN indisputably meritless legal theory or lacks an arguable basis in law. Id. at 327, 328, 109 S.Ct. at 1827, 1833. Therefore, this prior action should be eligible for consideration as a strike, but it need not be since plaintiff already has three dismissals that satisfy § 1915(g)'s requirement of three dismissals.

1915(g).  See Tate v. Bass, et al., CA 07-0305-KD-C (S.D. Ala. June 22, 2007); Tate v. Bass, CA 07-1093-MHT (M.D. Ala. Jan. 15, 2008); Tate v. Marshall, et al., CA 09-0222-TMH-CSC (M.D. Ala. Feb. 23, 2009); and Tate v. Hayward, et al., CA 10-1710 KDE-DEK (E.D. La. June 15, 2010).

In the present action, plaintiff's complaint (Doc. 1) and motion to appoint counsel (Doc. 2) do not indicate that at the time of filing that plaintiff was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  That is, plaintiff's allegations are directed to defendants Christopher Columbus, Roman Pope, United States of America, all slave masters, all slave plantation masters, the State of Alabama, and L.L.E./L.L.C.  and the action is brought as a class action on behalf of several different groups of African-Americans  (Doc. 1 at 1) for all those who were "kidnapped from Africa, raped, killed, and enslave[ed] here in America and brought to Mobile, Ala by boats ships . . . . [He asks] that African[s] born here in America[] in 'prisons' . . . be granted the right[] to be returned to the[ir] original roots of Africa and [be] granted punitive damages [of] $900 trillion dollars." (Doc. 2 at 1-2).  The only injuries identified by plaintiff in his filings are not alleged to be sustained by plaintiff but others at a prior time in history, although no specific time was provided.  In the absence of an injury to plaintiff being identified,

plaintiff's complaint does not meet § 1915(g)'s "imminent danger of serious physical injury" exception.[2]

Because plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $350.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE  this 30th day of June  2010.

>                    /s/ Katherine P. Nelson
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff filed an action similar to the present one against the same defendants as well as others.  Marcus Tate v. State of Alabama, et al., CA 10-0257-KD-M (pending).

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                 /s/ Katherine P. Nelson
                                               **UNITED STATES MAGISTRATE JUDGE**

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).